IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL HALLETT, <br> *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 6:19-cv-69 |
| STATE AUTO PROPERTY AND <br> CASUALTY INSURANCE COMPANY <br> *Defendant.* | § § § § | |

## NOTICE OF REMOVAL

Defendant State Auto Property and Casualty Insurance Company ("State Auto"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Michael Hallett v. State Auto Property and Casualty Insurance Company*; Cause No. 19-07-84701-A; In the 24th Judicial District of Victoria County, Texas.

## I.
## BACKGROUND

1. Plaintiff Michael Hallett (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 19-07-84701-A in the 24th Judicial District of Victoria County, Texas on July 11, 2019 (the "State Court Action").[1]

2. State Auto appeared and answered on July 31, 2019, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon State Auto in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81(2) all pleadings and answers thereto filed in the State Court Action are attached as **Exhibits A**

---

[1] *See* Plaintiff's Original Petition, attached as Exhibit A.

[2] *See* State Auto's Original Answer, attached as Exhibit B.

**and B**. Pursuant to Southern District of Texas Local Rule 81(4), a copy of the State Court Action docket sheet is attached as **Exhibit C**.

4.Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, State Auto will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 24th Judicial District of Victoria County, Texas.

5.Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on State Auto of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. "To determine whether jurisdiction is present for removal, the court considers the claims in the state-court petition as they existed at the time of removal."[3] As explained below, the facts presently existing establish that removal is proper in this case because the parties are completely diverse and the amount in controversy exceeds $75,000.

---

[3]*Mangumo v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**A.     Diversity of Parties**

7.     Plaintiff is a resident of Victoria County, Texas.[4]  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8.     State Auto Property and Casualty Insurance Company is organized under the laws of Iowa and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, State Auto is a citizen of the State of Ohio and State of Iowa.

9.     Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

10.     Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[5] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[6] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[7]  Plaintiff further seeks compensation for (1) actual damages, (2) pre- and post-judgment interest; (3) attorney's fees, and (4) treble damages.[8] Here, Plaintiff's Original Petition states that Plaintiff "seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney's fees, (in excess of $200,000.00 but less than $1,000,000.00/ in excess of $1,000,000.00)."[9] Plaintiff

---

[4]     *See* Exhibit A, Plaintiff's Original Petition, at ¶ 2.

[5]     28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[6]     *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[7]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[8]     *See* Exhibit A, Plaintiff's Original Petition, at ¶¶ 55, Prayer.

[9]     *Id.* at ¶ 55. Plaintiff also alleged that he sought monetary relief of "over $100,000.00." *Id*. at ¶ 1.

further seeks compensation for (1) actual damages, (2) pre- and post-judgment interest; (3) attorney's fees, and (4) treble damages.[10]

11. Therefore, it is facially apparent from Plaintiff's Original Petition that the amount in controversy plainly exceeds $75,000 exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

12. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

13. WHEREFORE, Defendant State Auto Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY**

---

[10] *See* Exhibit A, Plaintiff's Original Petition, at ¶¶ 55, Prayer.

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

C Daniel DiLizia
Texas Bar No. 24099800
Southern District No. 2970159
ddilizia@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CMRRR this the 31st day of July, 2019 to:

  James M. McClenny             **# 9414 7266 9904 2137 9601 46**
  J. Zachary Moseley
  Sean Patterson
  McClenny Moseley & Associates, PLLC
  516 Heights Blvd.
  Houston, TX 77007
  james@mma-pllc.com
  zach@mma-pllc.com
  sean@mma-pllc.com

                 */s/ Patrick M. Kemp*
                 Patrick M. Kemp