

**null / ALL**
**Transmittal Number: 20099791**
**Date Processed: 07/17/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Emilee Hanson<br>State Auto Financial Corporation<br>175 S. Third St.<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Lindsay Ramos<br>Susan Barrett<br>Steve Vance<br>Amber Walker<br>Samantha Smith<br>Melissa Hairston |

| | |
|---|---|
| **Entity:** | State Auto Property & Casualty Insurance Company<br>Entity ID Number  3047578 |
| **Entity Served:** | State Auto Property and Casualty Insurance Company |
| **Title of Action:** | Michael Hallett vs. State Auto Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Victoria County District Court, TX |
| **Case/Reference No:** | 19-07-84701-A |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/15/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Sean Patterson<br>713-334-6121 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**DEFENDANT'S**
**EXHIBIT A**

CLERK OF THE COURT
Cathy Stuart
115 N. Bridge, Room 330
Victoria, Texas 77901

ATTORNEY REQUESTING ISSUANCE
Sean Patterson
516 Heights Boulevard
Houston, Texas 77007

# THE STATE OF TEXAS
## CITATION

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO:  STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, REGISTERED AGENT, CORPORATION SERVICE COMPANY, 211 EAST 7TH STEET, SUITE 620, AUSTIN, TX 78701,**

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 24th Judicial District Court of Victoria County, Texas, at the Courthouse of said County in Victoria, Texas.

Said Plaintiff's petition was filed in said Court, on the 11th day of July, 2019 in this case numbered **19-07-84701-A** on the docket of said court, and styled,

MICHAEL  HALLETT
VS.
STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Victoria, Texas, this the 11th day of July, 2019.

CATHY STUART
District Clerk
Victoria County, Texas

Signed: 7/11/2019 1:47:57 PM

By: _Crystal Hernandez_

Deputy

Rule 106:  "--the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

'Cause #19-07-84701-A          24th Judicial District Court

MICHAEL  HALLETT VS. STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY

**Address for service:  STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, REGISTERED AGENT, CORPORATION SERVICE COMPANY, 211 EAST 7TH STEET, SUITE 620, AUSTIN, TX 78701**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 2019 at _____ o'clock _____.M. and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the petitioner's petition, the following times and places, to wit:

| Name | Date | Time | Place, Course and Distance from Courthouse |
|------|------|------|--------------------------------------------|
|      |      |      |                                            |

And not executed as to the defendant(s) _____

the diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

can the information received as to the whereabouts of said defendant(s) being: _____

FEES - - Serving $ _____          _____, Sheriff

                                          _____ County, Texas

                             By: _____ Deputy

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT</u>

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____ (First, Middle, Last), my date of birth is _____, and

my address is _____ (Street, City, Zip).

I DECLARE UNDER PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of

_____, 2019.

                                   _____

                                   Declarant/Authorized Process Server

                                   _____

                                   (ID # and Expiration of certification)

Filed 7/11/2019 1:30 AM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Rhonda Stone

**19-07-84701-A**

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL HALLETT | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | VICTORIA COUNTY, TEXAS |
| | § | |
| | § | |
| STATE AUTO PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |
| | § | |
| **Defendant** | § | |

## PLAINTIFF MICHAEL HALLETT'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

      **COMES NOW,** Michael Hallett, (hereinafter referred to as "Plaintiff"), complaining of State Auto Property and Casualty Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Victoria County, Texas.

3. State Auto Property and Casualty Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its

registered agent of service, Corporation Service Company, located at the following address: 211 East 7th

Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the

    jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant State Auto Property and Casualty Insurance Company

    because Defendant is a foreign insurance company that engages in the business of insurance in the State

    of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of

    Texas. Specifically, State Auto Property and Casualty Insurance Company sought out and marketed for

    insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in

    Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Victoria County, Texas, because the Property is situated in Victoria County, Texas.

    TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant State Auto Property and Casualty Insurance Company,

    (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"),

    which is located at 812 Lee Street, Victoria, Texas 77905.

9.  Defendant State Auto Property and Casualty Insurance Company and/or its agent sold the Policy

    insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because he is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about August 25, 2017, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant State Auto Property and Casualty Insurance Company. Plaintiff subsequently opened a claim on August 25, 2017 and Defendant State Auto Property and Casualty Insurance Company assigned an adjuster to adjust the claim.

12. Specifically, State Auto Property and Casualty Insurance Company performed an unreasonable and insufficient investigation of the claim. State Auto Property and Casualty Insurance Company failed to document all the damage to the property caused by the storm in question. Although damage was covered under the policy, State Auto Property and Casualty Insurance Company wrongly excluded damage to the property. State Auto Property and Casualty Insurance Company wrongly under-scoped the damage to the property and did not give the full allowance to restore the property to its pre-loss conditions.

13. Wind driven rain caused significant damage to the interior of the property. The significant damage to the property required full replacement of the damage items. State Auto Property and Casualty Insurance Company intentionally did not properly inspect and failed to give an allowance to repair all the damage that was caused by the storm. This was intentionally done by State Auto Property and Casualty Insurance Company to deny full replacement of the damaged items.

14. Defendant State Auto Property and Casualty Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

15. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

16. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition.

17. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

18. Defendant's assigned adjuster acted as an authorized agent of Defendant State Auto Property and Casualty Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant State Auto Property and Casualty Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the

Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

19. Defendant State Auto Property and Casualty Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

20. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## **AGENCY**

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. All acts by Defendant State Auto Property and Casualty Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant State Auto Property and Casualty Insurance Company and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## BREACH OF CONTRACT

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. Defendant State Auto Property and Casualty Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant State Auto Property and Casualty Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant State Auto Property and Casualty Insurance Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

28. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and his representatives, Defendant State Auto Property and Casualty Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    B. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    C. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

    D. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely

underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

31. As described in this Original Petition, Defendant State Auto Property and Casualty Insurance Company represented to Plaintiff that his Policy and State Auto Property and Casualty Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

32. By Defendant State Auto Property and Casualty Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

33. Defendant State Auto Property and Casualty Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

34. Defendant State Auto Property and Casualty Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

35. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant State Auto Property and Casualty Insurance Company, to his detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for

which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

36. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

37. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show himself to be justly entitled by law and in equity.

## **VIOLATIONS OF THE TEXAS INSURANCE CODE**

38. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

39. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

      A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

      B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

---

C.   Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

D.   Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

E.   Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

F.   Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

G.   Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

H.   Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

40. By its acts, omissions, failures and conduct, Defendant State Auto Property and Casualty Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of his detrimental reliance upon Defendant State Auto Property and Casualty Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

41. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant State Auto Property and

---

Casualty Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

42. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant State Auto Property and Casualty Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

43. As a result of Defendant State Auto Property and Casualty Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

44. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

45. From and after the time Plaintiff's claim was presented to Defendant State Auto Property and Casualty Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite

there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

46. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

47. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

48. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

50. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

51. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

52. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

53. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

54. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

55. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, (in excess of $200,000.00 but less than $1,000,000.00/ in excess of $1,000,000.00).

## ADDITIONAL DAMAGES & PENALTIES

56. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

57. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

58. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

59. Plaintiff demands a jury trial, consisting of citizens residing in Victoria County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

60. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant State Auto Property and Casualty Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce State Auto Property and Casualty Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in his attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by State Auto Property and Casualty Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

---

6.  Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7.  Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Auto Property and Casualty Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of State Auto Property and Casualty Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between State Auto Property and Casualty Insurance Company and its assigned adjuster, and all correspondence between State Auto Property and Casualty

Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1.  Please identify any person State Auto Property and Casualty Insurance Company expects to call to testify at the time of trial.

2.  Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.  If State Auto Property and Casualty Insurance Company or State Auto Property and Casualty Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Auto Property and Casualty Insurance Company or any of State Auto Property and Casualty Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.  Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Auto Property and Casualty Insurance Company's investigation.

5.  Please state the following concerning notice of claim and timing of payment:

    a.     The date and manner in which State Auto Property and Casualty Insurance Company received notice of the claim;

    b.     The date and manner in which State Auto Property and Casualty Insurance Company acknowledged receipt of the claim;

    c.     The date and manner in which State Auto Property and Casualty Insurance Company commenced investigation of the claim;

    d.     The date and manner in which State Auto Property and Casualty Insurance Company requested from the claimant all items, statements, and forms that State Auto Property and Casualty Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.     The date and manner in which State Auto Property and Casualty Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date State Auto Property and Casualty Insurance Company anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please

identify what, when and why the document was destroyed, and describe State Auto Property and Casualty Insurance Company's document retention policy.

10. Does State Auto Property and Casualty Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11. Does State Auto Property and Casualty Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way?  If so, state the general factual basis for this contention.

12. Does State Auto Property and Casualty Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State what performance measures are used and describe State Auto Property and Casualty Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

61. Plaintiff prays that judgment be entered against Defendant State Auto Property and Casualty Insurance Company and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

---

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which

he is due as a result of the acts of Defendant State Auto Property and Casualty Insurance Company, and for

all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the

award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this

lawsuit, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as

allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show

the himself to be justly entitled.

RESPECTFULLY SUBMITTED,

*s/ Sean Patterson*

McCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Sean Patterson
State Bar No. 24073546
516 Heights Boulevard
Houston, Texas 77007
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Sean@mma-pllc.com
*Attorneys for Plaintiff*



CATHY STUART
DISTRICT CLERK
115 N. BRIDGE, ROOM 330
VICTORIA, TEXAS 77901

9214 7969 0099 9790 1628 7936 19

U.S. POSTAGE >> PITNEY BOWES

ZIP 77901 $ 007.90⁰
02 4W
0000335687 JUL 12 2019

STATE AUTO PROPERTY AND CASUALTY INSURAN
REGISTERED AGENT CORPORATION SERVICE
COMPAN
211 EAST 7TH STREET SUITE 620
AUSTIN, TX 78701